**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MICHAEL NIKOLICH and AARON SPONAUGLE, individually and on behalf of others similarly situated** | : : : : |
| **Plaintiffs,** | : Civil Action No. _____ : : |
| v. | : Jury Trial Demanded : |
| **BROWN SECURITY & LEO MANAGEMENT, INC. d/b/a SOUTHERN PROTECTION AGENCY** | : FLSA Collective Action and : Rule 23 Class Action : : : |
| **Defendant.** | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Michael Nikolich and Aaron Sponaugle ("Plaintiffs"), individually and on behalf of all other similarly situated current and former employees of Brown Security & Leo Management, Inc. d/b/a Southern Protection Agency ("Defendant"), file this Collective and Class Action Complaint for unpaid overtime, unpaid wages, liquidated damages, attorneys' fees, costs and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. Ann. §§95-25.1, *et seq.,* and allege as follows:

## INTRODUCTION

Plaintiffs and the putative Collective and Class Members were and are employed by Defendant on an hourly basis to provide non-overtime exempt security services, including, but not limited to security guards and traffic control personnel. According to its website, Defendant provides security services to "hotels, retail businesses including, malls, private events, residential and gated/gold communities, homeowners associations (HOA), property owners' associations (POA) as well as high rises." (www.southernprotection.com/about-us, viewed on December 28, 2023). As a condition of employment, Defendant requires its employees to participate in training without pay and utilizes a cell phone tracking system that regularly prevented employees from clocking out when they worked late, resulting in unpaid wages, including overtime.

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiffs' claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendant, as Defendant is domiciled and conducts business within the State of Georgia and this district.

2.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims, as the state and federal claims derive from a common nucleus of operative facts.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant is domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## THE PARTIES

**Plaintiffs**

4. Plaintiff Michael Nikolich is a citizen of the State of North Carolina and was employed by Defendant from approximately August 22, 2023 to the present as a security guard. Plaintiff performed work for Defendant in North Carolina, including non-exempt overtime work.

5. Pursuant to 29 U.S.C. § 216(b), Plaintiff Michael Nikolich consents in writing to be a party to this proceeding. His consent form is attached as Exhibit A.

6. Plaintiff Aaron Sponaugle is a citizen of the State of North Carolina and was employed by Defendant from approximately April 2, 2023 to December 28, 2023 as a security guard. Plaintiff performed work for Defendant in North Carolina, including non-exempt overtime work.

7. Pursuant to 29 U.S.C. § 216(b), Plaintiff Aaron Sponaugle consents in writing to be a party to this proceeding. His consent form is attached as Exhibit B.

**Defendant**

8.Defendant Brown Security & Leo Management, Inc. d/b/a Southern Protection Agency is a Georgia corporation with its principal place of business located at 912 W. Bankhead Ave. Suite 200, Villa-Rica, Georgia 30180.

## COVERAGE UNDER THE FLSA

9.Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and have had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

10.Plaintiffs and the FLSA Collective are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

11.Defendant, Plaintiffs and the FLSA Collective used cell phones, computers, materials, supplies and equipment that were manufactured in or purchased and shipped from states other than Georgia, and Defendant accepted checks, credit cards, electronic payments and processed other transactions from customers through interstate banks and financial institutions, all of which constitute interstate commerce.

12. Further, Defendant claims that it services the states of "Georgia, Alabama, Mississippi, Texas, Tennessee, Florida, North Carolina, South Carolina, and Virginia." (www.southernprotection.com, last visited December 28, 2023).

## COLLECTIVE AND CLASS ACTION DEFINITIONS

13. The group of similarly situated employees sought to be conditionally certified under the FLSA, 29 U.S.C. § 216(b), as a collective action is defined as:

> All current or former workers employed by Brown Security & Leo Management, Inc. d/b/a Southern Protection Agency in the United States who were paid on an hourly basis at any time since three (3) years prior to filing this Complaint to the present, and who were not paid overtime at one and one half their times their regular rate of pay for all hours worked over forty (40) in a workweek and/or were required to attend training without pay (the "FLSA Collective").

14. The class of employees sought to be certified under Fed. R. Civ. P. 23(a) and 23(b) as a class action under the NCWHA is defined as:

> All current or former workers employed by Brown Security & Leo Management, Inc. d/b/a Southern Protection Agency in North Carolina who were paid on an hourly basis at any time since three (3) years prior to filing this Complaint to the present, and who were not paid overtime at one and one half times their regular rate and of pay for all hours worked over forty (40) in a work week and/or were required to attend training without pay (the "Rule 23 Class").

## FACTS

15. Plaintiffs, the FLSA Collective and the Rule 23 Class are or were employed by Defendant as security personnel to provide security services for Defendant's clients at various locations in the United States, including, but not limited to Georgia and North Carolina.

16. Plaintiffs, the FLSA Collective and the Rule 23 Classes are or were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and the NCWHA.

17. Plaintiffs, the Rule 23 Class and the FLSA Collective were paid by the hour.

18. Plaintiff Nikolich was paid $13.50 per hour.

19. Plaintiff Sponaugle was paid $14.00 per hour.

20. Plaintiffs, the Rule 23 Class and the FLSA Collective performed no job duties or functions that qualified for any FLSA or NCWHA overtime exemption.

21. Defendant has suffered and permitted Plaintiffs, the Rule 23 Class and the FLSA Collective to regularly work more than forty (40) hours in a workweek.

22. Defendant has also suffered and permitted the FLSA Collective and the Rule 23 Class to regularly work more than forty (40) hours in a workweek without overtime pay.

23. Defendant utilized a cell phone time tracking system whereby its employees would clock in and out by cell phone call.

24. When Plaintiffs worked beyond their scheduled shift time, as was often necessary due to relief workers failing to appear on time, and for other reasons, Defendant's cell phone tracking system rejected their attempts to clock out at their actual work stoppage time, defaulting instead to their scheduled clock out time.

25. Defendant's time tracking system, including its default stoppage time, was utilized companywide and resulted in Plaintiffs, the FLSA Collectives and the Rule 23 Class not receiving all wages, including overtime due.

26. For example, on December 23, 2023, Plaintiff Sponaugle was scheduled to work from 6:00 a.m. to 2:00 p.m. However, Plaintiff's relief worker failed to appear until 2:30 p.m., forcing him to work an additional 30 minutes. When Plaintiff Sponaugle attempted to utilize Defendant's time tracking system to clock out at 2:30 p.m., his call was rejected and his clock out time defaulted to 2:00 p.m., thus depriving him of wages, including overtime, for the extra 30 minutes he worked.

27. For further example, on December 25, 2023, Plaintiff Sponaugle was scheduled to work from 6:00 a.m. to 2:00 p.m. However, Plaintiff's relief worker again failed to appear until 2:30 p.m., forcing him to work an additional 30 minutes. When Plaintiff Sponaugle attempted to utilize Defendant's time tracking system to clock out at 2:30 p.m., his call was rejected and his clock out time defaulted to 2:00

7

p.m., thus depriving him of wages, including overtime, for the extra 30 minutes he worked.

28. For further example, on November 29, 2023, Plaintiff Nikolich was scheduled to work from 2:00 p.m. to 10:00 p.m. However, Plaintiff's relief worker failed to appear until 10:45 p.m., forcing him to work an additional 45 minutes. When Plaintiff Nikolich attempted to utilize Defendant's time tracking system to clock out at 10:45 p.m., his call was rejected and his clock out time defaulted to 10:00 p.m., thus depriving him of wages, including overtime, for the extra 45 minutes he worked.

29. Defendant also implemented and maintained a companywide policy and practice requiring its employees, including Plaintiffs, the Rule 23 Class and the FLSA Collective, to attend mandatory training as a condition of continued employment, without pay.

30. For example, Plaintiffs and the Rule 23 Class were required to attend offsite training at the Premiere Security Academy, located in North Carolina.

31. The training was conducted over two consecutive days during the workweek and during regular working hours.

32. The training was mandatory and not voluntary.

33. The training provided skills and knowledge directly related to Plaintiffs, the Rule 23 Class and the FLSA Collective's jobs with and work for Defendant.

34. Plaintiffs, the FLSA Collective and the Rule 23 Class were not compensated in accordance with the FLSA and/or the NCHWA because they were not paid wages for time spent in mandatory training or proper overtime wages for all hours worked in excess of forty (40) hours per workweek.

35. Plaintiffs, the FLSA Collective and the Rule 23 Classes were all subject to Defendant's uniform policy of not paying overtime and not paying any wages, including overtime, for mandatory training attendance.

36. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of not paying all overtime compensation owed and failed to pay wages for participation in mandatory training to Plaintiffs, the Rule 23 Class and the FLSA Collective.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs are aware of other current or former employees of Defendant who were subject to the same payroll practice.

38. Defendant's practice and policy of not paying overtime and not paying wages for participation in mandatory training affects Plaintiffs and the FLSA Collective similarly and is a willful violation of the FLSA.

39. The FLSA Collective are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay and employment practices.

40. Defendant's failure to pay overtime and training compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiffs and the FLSA Collective are similarly situated.

41. Plaintiffs and the FLSA Collective all have the same basic job duties and descriptions, and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

42. The specific job titles or precise job requirements of the FLSA Collective do not prevent proceeding collectively. All of Defendant's hourly workers, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

43. Plaintiffs and the FLSA Collective are entitled to recover their unpaid wages and overtime compensation, liquidated damages, attorneys' fees, costs and interest.

## NORTH CAROLINA RULE 23 CLASS ACTION ALLEGATIONS

44. The persons in the North Carolina Rule 23 Classes are so numerous that joinder of all members of the proposed Rule 23 Classes is impracticable. While the precise number of class members has not been determined at this time, Defendant, on information and belief, have employed numerous hourly workers in North Carolina during the class period. Plaintiffs and the Rule 23 Class have been uniformly affected by Defendant's violation of the NCWHA.

45. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including, but not limited to the following:

   a. Whether Defendant violated the NCWHA for failure to pay overtime wages due and owing;
   b. Whether Defendant violated the NCWHA by not paying any wages for participation in mandatory training;
   c. The proper measure and calculation of damages; and
   d. Whether Defendant's actions were willful or in good faith.

46. Plaintiffs' claims are typical of those of the Rule 23 Class. Plaintiffs, like other members of the proposed Rule 23 Class, were subject to Defendant's practices and policies as described above. Plaintiffs were employed in North Carolina, attended mandatory training without compensation, and worked in excess of forty (40) hours in a workweek without proper overtime compensation.

47. Further, Plaintiffs' job duties are typical of the Rule 23 Class, as all class members are or were non-exempt hourly workers who were and are entitled to overtime.

48. Plaintiffs will fairly and adequately protect the interest of the proposed Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

49. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair an efficient adjudication of this controversy because, in the context of wage and hour litigation, individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against the corporate Defendant.  Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices.  There do not appear to be any difficulties in managing this class action.

## CAUSES OF ACTION

### COUNT I

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201,** *et seq.*
*(On Behalf of Plaintiffs and the FLSA Collective)*

50. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

51. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times their regular rate of pay for all hours worked over forty (40) hours per workweek.

52. Defendant suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

53. Pursuant to 29 C.F.R. § 785.27, Defendant must compensate its employees for participation in mandatory training that is directly related to the employee's job, as was the training Defendant required Plaintiffs and the FLSA Collective to attend.

54. Defendant has violated, and is violating the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying their hourly workers, like Plaintiffs and the FLSA Collective, wages for attending mandatory training and overtime as required by law.

55. Defendant knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiffs and the FLSA Collective proper wages for participation in mandatory training overtime compensation for hours worked over forty (40).

56. Defendant's failure to comply with the FLSA overtime protections caused Plaintiffs and the FLSA Collective to suffer loss of overtime wages and interest thereon.

57. Plaintiffs and the FLSA Collective are entitled to unpaid wages and overtime, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT II

### VIOLATION OF THE NCWHA
*(On Behalf of Plaintiffs and the Proposed Rule 23 Class)*

58. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

59. Plaintiffs and the proposed Rule 23 Class were or are employees of Defendant within the meaning of the NCWHA.

60. Defendant was or is the employer of Plaintiffs and the Rule 23 Class within the meaning of the NCWHA.

61. The NCWHA requires employers like Defendant to timely pay their employees for hours worked in excess of forty (40) in an individual workweek at a rate no less than one and one-half times their regular hourly rate of pay.

62. The NCWHA requires employers like Defendant to timely pay their employees all wages earned, including wages for participation in mandatory training.

63. When Defendant failed to pay Plaintiffs and the Rule 23 Class any wages, including the required one and one-half times their regular hourly rate for hours worked over forty (40) in a workweek, including when Defendant's time tracking system failed to record all hours worked and/or when Defendant failed to pay any wages for participation in mandatory training, it violated the NCWHA.

64. The foregoing conduct constitutes a willful violation of the NCWHA.

## COUNT III

**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 211**
*(On Behalf of Plaintiffs and the FLSA Collective)*

65. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

66. Upon information and belief, Defendant did not maintain timecards or records accurately detailing the work start and/or stop times for Plaintiffs, as prescribed by 29 C.F.R. § 516.6.

67. Defendant has therefore violated the recordkeeping requirements of the FLSA. 29 U.S.C. § 211.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Collective and the Rule 23 Class, prays for relief as follows:

a. An Order permitting this case to proceed as a collective action under § 216(b) of the FLSA, and ordering notice to the FLSA Collective at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

b. Judgment that Plaintiffs and the FLSA Collective are entitled to the overtime protections under the FLSA;

c. Judgment against Defendant for violation of the overtime provisions of the FLSA and the NCWHA;

d. Judgment against Defendant for failing to pay wages for participation in mandatory training, in violation of the FLSA and NCWHA;

e. Judgment that Defendant's violations of the FLSA, and NCWHA were willful;

f. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Rule 23 Class and the appointment of Plaintiffs as class representative and their counsel as class counsel;

g. An award to Plaintiffs and the Rule 23 Class and FLSA Collective for all unpaid wages, overtime, liquidated damages, and penalties allowed by the FLSA and NCWHA;

h.   An award of any pre- and post-judgment interest;

i.   An award of reasonable attorneys' fees and costs; and

j.   Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury.

Respectfully Submitted on January 17, 2024

*/s/ Jermaine "Jay" A. Walker*
Jermaine "Jay" A. Walker
HKM EMPLOYMENT ATTORNEYS, LLP
3344 Peachtree Road NE
Suite 800 (Office #35)
Atlanta, Georgia 30326
Telephone: (404)301-4020
jwalker@hkm.com

Philip Bohrer (*pro hac vice* to be filed)
Scott E. Brady (*pro hac vice* to be filed)
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com